IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PATRICK WATKINS | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| McDERMOTT INTERNATIONAL, | § | |
| INC. and McDERMOTT, INC. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Patrick Watkins ("Plaintiff"), complaining of Defendants McDermott International, Inc. and McDermott, Inc. ("Defendants"), and, for cause of action, would respectfully show unto this Honorable Court the following:

### I. PARTIES

1.1   Plaintiff Patrick Watkins, is a U.S. citizen and resident of Louisiana.

1.2   Defendant McDermott International, Inc. is a business entity with its principal place of business in Houston, Southern District of Texas, doing business in this Division, District and the State of Texas for the purpose of accumulating monetary profit, and may be served with in accordance with Rule 4(h), Fed.R.Civ.P., at 757 N. Eldridge Pkwy, Houston, TX 77079.

1.3    Defendant McDermott, Inc. is a business entity with its principal place of business in Houston, Southern District of Texas, doing business in this Division, District and the State of Texas for the purpose of accumulating monetary profit, and may be served with in accordance with Rule 4(h), Fed.R.Civ.P., 757 N. Eldridge Pkwy, Houston, TX 77079.

## II. JURISDICTION

2.1    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

## III. VENUE

3.1    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

4.1    At all material times hereto, Defendants owned, operated and/or crewed the *DB50*, the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters of the Gulf of Mexico.

4.2    At all material times hereto, Plaintiff was employed by Defendants as a rigger and member of the crew of the *DB50*.

4.3   In the fall of 2013, while Plaintiff was performing his duties in the service of the vessel, he sustained serious and disabling personal injuries. Specifically, Plaintiff was instructed to cut out deckboards using a chain saw.

4.4   The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

    (a)   failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

    (b)   failing to take reasonable precautions for Plaintiff's safety;

    (c)   failing to provide employees with a reasonably safe place to work;

    (d)   failing to warn Plaintiff of known and/or existing hazards; and

    (e)   failing to provide Plaintiff with the proper tools to cut and remove the deckboards from the vessel;

    (f)   instructing the Plaintiff to perform an unsafe method of work in order to remove the deckboards;

    (g)   other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

5.1   Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1   Plaintiff's injuries were caused by Defendants' breach of their absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1   Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue. Defendants breached their absolute duty by denying payment of maintenance and cure.  As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation

of his condition caused by Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  DAMAGES

8.1     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (I) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

                  Respectfully submitted,

                  */s/ Marc Evan Kutner*
                  Marc Evan Kutner
                  SBN 11770575 / SDTX 6238
                  401 Louisiana Street, 8th Floor
                  Houston, Texas 77002
                  Telephone:  713-653-5600
                  Facsimile:   713-653-5656
                  Email:       mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.

ATTORNEYS FOR PLAINTIFF